IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00670-BNB

CHARLES PATRICK DILL,

Applicant,

v.

WARDEN SHERROD,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 2 2006

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING HABEAS ACTION AS *BIVENS* ACTION, AND DIRECTING APPLICANT TO FILE A PRISONER COMPLAINT AND A PRISONER'S MOTION AND AFFIDAVIT FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Applicant Charles Patrick Dill is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Dill filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court has reviewed the amended application and finds that Mr. Dill is asserting civil rights claims rather than habeas corpus claims. Mr. Dill complains that Respondent is not helping him obtain a driver's license or other state identification. He seeks injunctive relief.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally,

a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Dill also alleges that he has not exhausted the BOP's three-step administrative procedure prior to initiating the instant lawsuit. Mr. Dill is reminded that he must exhaust BOP administrative remedies before initiating a civil rights lawsuit. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Dill is a prisoner confined in a correctional facility. The claim he asserts relates to prison conditions. Therefore, despite his contention that exhaustion is futile, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Dill must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v.*

*County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Dill has failed to exhaust administrative remedies for any claim, the entire complaint must be dismissed.

Mr. Dill will be directed to complete the proper Prisoner Complaint form and submit the completed form to the Court if he wishes to pursue his claims. Mr. Dill must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Dill also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise he will be required to pay the $250.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the clerk of the Court shall change the docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty days from the date of this order** Mr. Dill shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this order** Mr. Dill shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement as referred to in this order or, in the alternative, pay the

$250.00 filing fee. It is

FURTHER ORDERED that if Plaintiff desires to proceed pursuant to 28 U.S.C. § 1915 he shall submit a certified copy of his trust fund account statement within **thirty days from the date of this order** so that the clerk of the Court may determine the appropriate initial partial filing. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Dill two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Dill fails to comply with this order **within thirty days from the date of this order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Dill's claims until he has complied with this order.

DATED June 2, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00670-BNB

Charles Patrick Dill
Reg. No. 17226-080
FDC – Englewood
9595 W. Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on 6/2/06

GREGORY C. LANGHAM, CLERK

By: /s/ Deputy Clerk